**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KRUMMHOLZ INTERNATIONAL INC. and SWISSDIGITAL USA CO., LTD., <br><br> Plaintiffs, <br><br> -against- <br><br> WENGER, S.A. and WENGER, N.A., <br><br> Defendants. | Hon. William M. Skretny, U.S.D.J. <br><br> Docket No. 1:15-cv-86-WMS <br><br> **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WENGER NA, INC.'S NOTICE OF MOTION TO DISMISS PURSUANT TO FED. R. CIV P. 12(b)(6), 12(b)(1), AND 12(b)(5)** |

Richard H. Brown
David I. Greenbaum
**DAY PITNEY LLP**
7 Times Square
New York, NY  10036
Telephone:  (212) 297-5800
Facsimile:   (212) 626-2195
rbrown@daypitney.com
dgreenbaum@daypitney.com

James W. Grable, Jr.
**CONNORS & VILARDO, LLP**
1000 Liberty Building
424 Main Street
Buffalo, NY 14202
Telephone: (716) 852-5533
Facsimile: (716) 852-5649
jwg@connors-vilardo.com

*Attorneys for Wenger NA, Inc.*

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND......................................................................3

LEGAL ARGUMENT ..............................................................................................................5

I.     The Court Should Dismiss The Claims Against Wenger NA Under Rule 12(b)(6) For Failure To State A Claim .................................................................5

     A.     Legal Standard ........................................................................................5

     B.     Plaintiffs Fail To State a Claim For Relief Against Wenger NA ............................6

II.     The Court Should Dismiss The Second Through Fifth Claims Against Wenger NA Under Rule 12(b)(1) ........................................................................8

     A.     Legal Standard ........................................................................................8

     B.     There Is No Actual Controversy Between Plaintiffs and Wenger NA ......................................................................................................9

III.     The Court Should Dismiss The Complaint Under Rule 12(b)(5) Due to Insufficient Service of Process...........................................................................11

CONCLUSION.................................................................................................................... 13

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937)..................................................................8

*Alexander Interactive, Inc. v. Leisure Pro Ltd.*, 2014 U.S. Dist. LEXIS 132206
  (S.D.N.Y. Sep. 15, 2014)..........................................................................................................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .........................................................................................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (U.S. 2007) .................................................................6

*DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104 (2d Cir. 2010).....................................................5

*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.,* 411 F.3d 384
  (2d Cir. 2005)............................................................................................................................9

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625
  (S.D.N.Y. 2008).........................................................................................................................8

*John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.,* 2011 U.S. Dist. LEXIS 127635
  (S.D.N.Y. Nov. 2, 2011) ......................................................................................................9, 10

*Kaempe v. Myers,* 367 F.3d 958 (D.C. Cir. 2004) .................................................................... 6-7

*MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007).......................................................8, 9

*MPC Franchise, LLC v. Tarntino*, 19 F. Supp. 3d 456 (W.D.N.Y. 2014) .....................................7

*Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329 (Fed. Cir. 2008).......................................9

*Robinson v. Gov't of Malay*, 269 F.3d 133 (2d Cir. 2001) ............................................................9

*RxUSA Wholesale, Inc. v. Alcon Labs., Inc.,* 661 F. Supp. 2d 218 (E.D.N.Y. 2009),
  *aff'd,* 391 F. App'x 59 (2d Cir. 2010)........................................................................................6

*Viehdeffer v. Tryon*, 2012 U.S. Dist. LEXIS 122926 (W.D.N.Y. Aug. 28, 2012) .........................9

*Warren v. Colvin*, 744 F.3d 841 (2d Cir. 2014)..............................................................................6

*Zappia Middle East Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247 (2d Cir. 2000).................9

**Rules and Other Authorities**

17 U.S.C. § 411(a) .................................................................................................................7

28 U.S.C. §§ 2201, 2202 .....................................................................................................3, 8

37 C.F.R. §1.12 ....................................................................................................................7

Fed. R. Civ. P 4 .............................................................................................................10, 12

Fed. R. Civ. P. 8 ...............................................................................................................3, 6

Fed. R. Civ. P. 12(b)(1) .................................................................................................1, 3, 9

Fed. R. Civ. P. 12(b)(5) ........................................................................................................1

Fed. R. Civ. P. 12(b)(6) ................................................................................................1, 2, 5

New York Civil Practice Law and Rules §311 ..................................................................12

## **INTRODUCTION**

Defendant Wenger NA, Inc. (hereinafter "Wenger NA") moves to dismiss the claims in Plaintiffs' Corrected Amended Complaint against it for failure to state a claim under Fed. R. Civ. P. 12(b)(6), lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) as to the declaratory judgment claims, and for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

This dispute described in the Corrected Amended Complaint is between Wenger <u>S.A.</u>, which is based in Switzerland, and Plaintiffs, which are entities affiliated with and controlled by persons in China that are trying to commandeer Wenger S.A.'s intellectual property rights throughout the world. Wenger S.A. owns certain U.S. trademark registrations and filed a petition in the United States Patent and Trademark Office ("PTO") on January 15, 2015 to cancel a U.S. trademark registration, which Plaintiff Krummholz International, Inc. obtained as part of the worldwide scheme to hijack Wenger S.A.'s intellectual property rights. In addition, Wenger S.A. has taken action against U.S. trademark applications filed by Plaintiff Swissdigital USA Co., Ltd.

Unwilling to adjudicate the issues raised in the Cancellation Proceeding in the PTO, Plaintiffs filed a Complaint on January 29, 2015 against Wenger S.A., and sought to stay the Cancellation Proceeding. In the original five-count Complaint, Plaintiffs alleged a "justiciable controversy" exists between Plaintiffs and Wenger S.A. concerning Plaintiffs' rights to use various U.S. trademarks and copyrights that they alleged are owned by Wenger S.A.

On March 23, 2015, Plaintiffs amended their complaint to add Wenger NA, Inc. (misidentified as "Wenger, N.A." in the pleading) as a defendant. Plaintiffs later "corrected" the

Amended Complaint on March 26, 2015.[1] (Defendants use "CAC" to refer to the Corrected Amended Complaint in citations through the brief). Wenger NA has no connection to this litigation. It is believed that Plaintiffs added Wenger NA in order to have a defendant that would be subject to service in United States. There is no indication that Plaintiffs effected service of any version of the Complaint on Wenger S.A.

The claims in the Corrected Amended Complaint are essentially identical to those in the original one, except that the claims all now include Wenger NA as a defendant. The First Claim of the Corrected Amended Complaint seeks to cancel 10 U.S. trademark registrations, all of which are owned by Wenger S.A. The Second Claim asks for a declaratory judgment that these 10 trademarks registrations are invalid and unenforceable. The Third Claim seeks a declaratory judgment that Plaintiffs are not infringing trademark rights "owned by Defendants relating to the sale of goods described in Plaintiffs' trademarks." The last two claims deal with copyrights, with the Fourth Claim seeking declaratory relief that a particular copyright registration owned by Wenger S.A. is not subject to copyright protection, and the fifth asking the Court to declare that Plaintiffs are not infringing "any allegedly enforceable copyrights owned by Defendants."

The fundamental flaw in adding Wenger NA as a defendant in the Corrected Amended Complaint is that there is no dispute between Wenger NA and Plaintiffs. Wenger NA does not own the trademark registrations specifically identified in Claims, or the copyright registration specified in the Fourth Claim, so those claims should be dismissed under Rule 12(b)(6). To the

---

[1] In the March 23, 2015 amendment, Plaintiffs alleged that Wenger NA owns two of eight registrations, both of which were alleged to be owned by Wenger S.A. in the original Complaint. (Reg. Nos. 3820133 and 4024369). The March 26, 2015 Corrected Amended Complaint added two more registrations for a total of ten. One (Reg. No. 3769824) is allegedly owned by Wenger NA, which is wrong. The other is alleged to be owned by Wenger S.A. The Corrected Amended Complaint also makes a trivial change to the Third Claim and included exhibits.

extent the vaguely-worded Third and Fifth Claims refer to those specific registrations, those claims should be dismissed for the same reason.  If the Third and Fifth Claims seek a declaration that other, unspecified trademarks or copyrights are not infringed by Plaintiffs, those claims would be impermissibly vague under Fed. R. Civ. P. 8 and are thus subject to dismissal.  The claims that seek declaratory judgment relief (Second through Fifth Claims) fail for another reason.  Plaintiffs cannot plausibly allege there is a case or controversy with Wenger NA under the Declaratory Judgment Act (28 U.S.C. §§ 2201, 2202).  As a result, the Court lacks subject matter jurisdiction under Rule 12(b)(1) of those claims as asserted against Wenger NA.

The claims against Wenger NA also fail for insufficient service of process under Rule 12(b)(5).  The Corrected Amended Complaint and Summons to Wenger NA were delivered to an individual at the offices of Victorinox Swiss Army, Inc. in Monroe, Connecticut.  That individual is not a Wenger NA director, officer, or employee, and is not authorized to accept service on its behalf.  Given the fundamental flaws in the claims against Wenger NA, there is no point in allowing Plaintiffs the opportunity to effect proper service.  Instead, the claims against Wenger NA should be dismissed in their entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

Wenger NA is a Delaware corporation that at one time distributed knives and other products in the United States.  (Declaration of Marc Gold ("Gold Decl."), ¶ 2).  Wenger NA discontinued all operations on December 31, 2013, but remains a corporation in good standing in Delaware. (*Id*.)  It is a subsidiary of Victorinox Swiss Army, Inc. ("VSAI").  (*Id*.)

There is no allegation that Wenger NA owns the copyright registration at issue (No. VA-1935912) and 7 of the 10 trademark registrations identified in the Corrected Amended Complaint.  (CAC ¶¶ 1, 23).  Plaintiffs allege that Wenger NA owns U.S. Reg. Nos. 3769824, 3820133 and 4024369.  (*Id*. ¶ 1).  That is an error.  Wenger S.A. owns those three registrations and did so in or

3

before August 2011, well before the original Complaint was filed. That ownership information was readily available from the PTO's publicly-available Trademark Electronic Search System ("TESS"). (See Declaration of Ryan Osterweil ("Osterweil Decl."), ¶¶ 2-5 and Exhs. A-C). Wenger S.A. is listed as the owner of those three registrations in the TESS database for each registration, either in the "Owner" field or through the "Assign Status" link. A search of the TESS database also shows that Wenger S.A. is the owner of all of the U.S. trademark registrations identified in the CAC. (Osterweil Decl. ¶ 6).

Wenger S.A. asserted some of its trademark and copyright registrations in its January 15, 2015 Cancellation Action against Krummholz International's U.S. Registration No. 4,462,487. (*Id*. ¶7, and Ex. D at 2-5). After Wenger S.A. filed the Cancellation Action, Plaintiffs filed the original Complaint against Wenger S.A. on January 29, 2015.

The First Claim of the original Complaint sought to cancel several U.S. trademark registrations owned by Wenger S.A., which were identified by registration number; the Second Claim asked for a declaratory judgment that these trademarks registrations are invalid and unenforceable; the Third Claim asked for a declaratory judgment that Plaintiffs are not infringing Wenger S.A.'s trademark rights. The last two claims dealt with copyrights, with the Fourth Claim seeking declaratory relief that a particular copyright registration owned by Wenger S.A. is not subject to copyright protection, and the Fifth Claim asking the Court to declare that Plaintiffs are not infringing "any enforceable copyrights" owned by Wenger S.A. (ECF Doc. No. 1 at ¶¶ 25-44).

Plaintiffs amended the original Complaint on March 23, 2015. The significant changes over the original Complaint was that Plaintiffs added Wenger NA as a Defendant on all five claims (by pluralizing "Defendant"), and incorrectly claimed that two U.S. trademark

4

registrations (Reg. Nos. 3820133 and 4024369) are owned by Wenger NA. Such an assertion is remarkable given that Plaintiff's original Complaint had correctly alleged that Wenger <u>S.A.</u> owned those two registrations. (ECF Doc. No. 1, ¶ 1). The Amended Complaint also asserted that Wenger NA is "a wholly owned subsidiary of Wenger, S.A. and the U.S. licensee of the Wenger Marks." (ECF Doc. No. 4, ¶¶ 1, 8).[2] This is not accurate. (Gold Decl. ¶2). Several days later, Plaintiffs filed the Corrected Amended Complaint, which added two more trademark registrations (one, Reg. No. 3769824, allegedly owned by Wenger NA), made a trivial edit to the Third Claim, and attached exhibits missing from the amendment filed on March 23, 2015.

On April 20, 2015, Plaintiffs purported to effect service on Wenger NA. They had a representative deliver a copy of the Corrected Amended Complaint and Summons for Wenger NA to Marc Gold, who is the Chief Financial Officer of VSAI, at VSAI's offices in Monroe, Connecticut. (Gold Decl. ¶ 3). Mr. Gold is not a director, officer or employee of Wenger NA, and is not authorized to accept service on its behalf. (*Id*. ¶ 6).

## LEGAL ARGUMENT

**I.     The Court Should Dismiss The Claims Against Wenger NA Under Rule 12(b)(6) For Failure To State A Claim.**

**A.     Legal Standard**

On a motion to dismiss under Rule 12(b)(6), a court's task is to assess the legal feasibility of the claims. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (internal quotation marks and citation omitted). Such a motion should be granted if the Complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

---

[2] Plaintiffs also allege that Wenger NA sells products in the United States with trademarks owned by Wenger S.A. (CAC ¶ 19), which is inaccurate as Wenger NA ceased operating at the end of 2013. It is also irrelevant. Whether Wenger NA is selling (or sold) such products has nothing to do with the dispute between Wenger S.A. and Plaintiffs about rights to Wenger S.A.'s intellectual property.

5

*Twombly*, 550 U.S. 544, 570 (U.S. 2007).  While a court should accept "well-pleaded" factual allegations as true and draw all reasonable inferences in a light most favorable to plaintiff, legal conclusions or unwarranted factual inferences should not be accepted as true.  *Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

Under the pleading rules, a plaintiff is required to provide a "short and plain statement of the claim" in order to sufficiently notify each defendant of the claim and its supporting grounds. Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 555; *RxUSA Wholesale, Inc. v. Alcon Labs., Inc.*, 661 F. Supp. 2d 218, 226 (E.D.N.Y. 2009), *aff'd*, 391 F. App'x 59 (2d Cir. 2010).  Rule 8(a)(2) requires a plaintiff to state the factual basis for his entitlement to relief, not merely provide labels and conclusions, or a formulaic recitation of the elements of a cause of action.  *Twombly*, 550 U.S. at 555.  In short, an actionable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570; *Ashcroft*, 556 U.S. at 698.

**B.     Plaintiffs Fail To State a Claim For Relief Against Wenger NA.**

Plaintiffs' claims for cancellation of trademark registrations, and invalidity and unenforceability of underlying trademark rights, relate specifically to U.S. Trademark Registration Nos. 4230244, 4301579, 4109108, 3291272, 3291271, 3291266, 3405840, 3769824, 3820133, and 4024369, which Plaintiffs define collectively as the "Wenger Marks."  (CAC at ¶ 1).  Plaintiffs' claims for invalidity and unenforceability of copyright registrations relate specifically to U.S. Copyright Registration No. VA-1935912.  (*Id*. ¶¶ 22, 39-40).

None of the aforementioned registrations is owned by Wenger NA.  The Court may take judicial notice of the PTO records that show that all of the trademark registrations are owned by Wenger S.A., either as the original applicant or as the assignee of record.  *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (court may take judicial notice of assignment documents filed at the PTO); *MPC Franchise, LLC v. Tarntino*, 19 F. Supp. 3d 456, 463 n.21 (W.D.N.Y. 2014)

6

(court may take judicial notice of documents at PTO website); see 37 C.F.R. § 1.12 (PTO assignment records open to public inspection).

Wenger NA does not own any of the actual trademark registrations at issue, and did not own any when the original Complaint was filed. Plaintiffs do not allege that Wenger NA owns the Copyright Registration No. VA-1935912, which is the subject of the declaratory judgment sought in the Fourth Claim. As none of the identified registrations is owned by Wenger NA, Plaintiffs fail to state any claim for relief against Wenger NA regarding the: a) cancellation, invalidity, and unenforceability of those trademark registrations, or the b) invalidity and unenforceability of the identified copyright registration. As a result, the Court should dismiss the First, Second and Fourth Claims asserted against Wenger NA. To extent that the Third and Fifth Claims are predicated on the registrations specified in the Corrected Amended Complaint, those claims should be dismissed as against Wenger NA for the same reason.

The Third and Fifth Claims, however, are vague, so Plaintiffs might contend they seek declaratory relief on rights other than those subject to the 11 registrations identified in the Complaint. However, Plaintiffs allege no specifics about the nature of the trademark rights supposedly owned by Wenger NA (other than the erroneous assertion that it owns three trademark registrations that are actually owned by Wenger S.A.) and no specifics about Wenger NA owning copyright registrations.[3] The vague assertion of a dispute about Defendants' "other" trademark and copyright rights does not satisfy Rule 8's stricture that sufficient facts be pleaded to provide a defendant with some idea of the claim being asserted. *See Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 636 (S.D.N.Y. 2008) (dismissing trademark

---

[3] As a general matter, one may assert a claim based on trademark rights that are not the subject of a federal registration. However, for copyright, one must have an United States registration before commencing suit for infringement. 17 U.S.C. § 411(a).

7

claim not supported by factual allegations); *Alexander Interactive, Inc. v. Leisure Pro Ltd.*, 2014 U.S. Dist. LEXIS 132206, at *10 (S.D.N.Y. Sept. 15, 2014) (dismissing copyright claim not adequately supported by factual allegations). Accordingly, if Plaintiffs' Third and Fifth Claims are not limited to the 11 registrations, the Court should dismiss them under Rule 8 and Rule 12(b)(6).

## II.  The Court Should Dismiss The Second Through Fifth Claims Against Wenger NA Under Rule 12(b)(1).

### A.  Legal Standard

Another basis to dismiss Claims 2-5 of the Corrected Amended Complaint against Wenger NA is for lack of subject matter jurisdiction under the Declaratory Judgment Act, as there is no case or controversy between Wenger NA and Plaintiffs on any of the declaratory judgment claims. The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction… any court of the United States… may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "case of actual controversy" in the Act "refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III" of the United States Constitution. *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007).

To satisfy the case-or-controversy requirement, the dispute at issue must be "'definite and concrete, touching the legal relations of parties having adverse legal interests'" and be "'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240-41 (1937)). Further, an actual controversy "exists if there is a 'substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory

judgment.'" *John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*, 2011 U.S. Dist. LEXIS 127635, at *9 (S.D.N.Y. Nov. 2, 2011) (quoting *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005)).  The Declaratory Judgment Act gives a court discretion to exercise jurisdiction under the appropriate facts; it does not give a litigant an absolute right to have the court hear its case.  *Id*.

A motion to dismiss pursuant under Rule 12(b)(1) allows a defendant to challenge the legal or basis for plaintiff's assertion of jurisdiction, or both. *See Robinson v. Gov't of Malay.*, 269 F.3d 133, 140 (2d Cir. 2001).  When a factual challenge has been raised to subject matter jurisdiction, a Court may look outside the pleadings to resolve the issue.  *Viehdeffer v. Tryon*, 2012 U.S. Dist. LEXIS 122926, at *9 (W.D.N.Y. Aug. 28, 2012) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).  A court must determine "'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  *MedImmune,* 549 U.S. at 127 (citation omitted).  Said differently, "a case or controversy must be based on a real and immediate injury or threat of future injury" caused by a defendant.  *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008).

### B. There Is No Actual Controversy Between Plaintiffs and Wenger NA

There is no threat, let alone an immediate one, posed by Wenger NA to either of the Plaintiffs.  Tellingly, the Corrected Amended Complaint does not contain a single allegation of a controversy between Wenger NA and Plaintiffs.  That is not surprising given that Wenger NA ceased operations at the end of 2013.  Adding Wenger NA to the complaint was a litigation tactic, not the outgrowth of a dispute between Wenger NA and Plaintiffs.  With the 10 identified

trademark registrations and one identified copyright registration all owned by Wenger S.A., there is no case or controversy involving Wenger NA on the Second and Fourth Claims, or on the Third and Fifth Claims to the extent they rely on the registrations alleged in the Corrected Amended Complaint.

If Plaintiffs' Third and Fifth Claims include trademark rights or copyrights other than the registrations identified in the Corrected Amended Complaint, there is also no basis for finding that an actual controversy exists between Wenger NA and Plaintiffs.  Neither claim alleges a dispute with Wenger NA, or identifies the specific rights at issue. *See John Wiley & Sons*, 2011 U.S. Dist. LEXIS 127635, at *16-17 (finding that complaint does not allege which photographs are the basis for its request for declaratory relief).  Indeed, the sole allegation about a threat to Plaintiffs is that the CEO of Group III International, Ltd ("Group III") — a separate entity incorrectly alleged to be an agent and authorized licensee of all "Defendants" — threatened to sue Plaintiffs at a Travel Goods Association show in Las Vegas in March 2014.  (CAC ¶ 20). That allegation cannot be grounds for a declaratory judgment claim against Wenger NA.

First, if Group III had threatened to sue Plaintiffs, all that would do is potentially establish a dispute between Plaintiffs and Group III, not with Wenger NA.  Second, nothing in that allegation about Group III indicates that the threat involved assertion of trademarks or copyright, let alone any trademark or copyright owned by Wenger NA, which does not own any of the identified registrations and was not operating after 2013.  In light of those facts, it is not plausible that Group III licensed any intellectual property relating to these rights from Wenger NA, or that this alleged statement by Group III had anything to do with Wenger NA.

Third, it is apparent that Plaintiffs, without evidence or a good faith belief, added Wenger NA to have a defendant that could be served in the United States.[4] The original Complaint filed by Plaintiffs listed only Wenger S.A. as a Defendant. Plaintiffs then amended the Complaint to add Wenger NA, Inc. as a Defendant, but did not amend any of the claims for relief asserted therein to raise any allegations against Wenger NA. The foregoing considerations all demonstrate that the alleged "threat" by Group III to "Plaintiffs" does not substantiate that any controversy exists between Wenger NA and Plaintiffs, let alone one that is sufficiently real and immediate to allow the Court to exercise subject matter jurisdiction under the Declaratory Judgment Act. That is another reason for the Court to dismiss the Second, Third, Fourth, and Fifth Claims as against Wenger NA.

### III. The Court Should Dismiss The Complaint Under Rule 12(b)(5) Due to Insufficient Service of Process.

The Corrected Amended Complaint should also be dismissed as against Wenger NA because Plaintiffs did not effect service on Wenger NA under Fed. R. Civ. P. 4(h). That rule provides that that service on a domestic or foreign corporation must be done in a judicial district of the United States and either in the manner prescribed by Rule 4(e)(1) for serving an individual, or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

---

[4] Plaintiffs modified the assertion in the original Complaint that Group III is a licensee of Wenger S.A. by now claiming that Group III is a licensee and agent of "Defendants." Even if there were facts to support that naked assertion, it would be irrelevant on the dispute between Wenger S.A. and Plaintiffs about the rights to Wenger S.A.'s intellectual property.

11

Rule 4(e) provides that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or . . . [by] delivering a copy of the summons and of the complaint to the individual personally; [or] leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or [] delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1)-(2).  Under New York law, a corporation may be served by delivering the summons to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service.  See New York Civil Practice Law and Rules § 311(a).

Here, Plaintiffs did not serve the Summons and Corrected Amended Complaint on an officer, director, or agent of Wenger NA.  As noted above, Wenger NA is a Delaware corporation.  Rather than serve its registered agent in Delaware, Plaintiffs had someone deliver the Summons and Corrected Amended Complaint to Marc Gold, Chief Financial Officer at Victorinox Swiss Army, Inc. ("VSAI").  Wenger NA is not located at the address in Monroe, Connecticut where Mr. Gold was served. (Gold Decl. ¶ 2).  Mr. Gold is not an officer, director, employee or agent of Wenger NA, and is not an authorized agent for purposes of receiving service of process on behalf of Wenger NA.  (*Id.* ¶ 6).

Plaintiffs failed to properly serve Wenger NA pursuant to Rule 4(h) so the Complaint should be dismissed against Wenger NA for insufficient service of process.  Given the other defects noted above, Plaintiffs should not have the opportunity to attempt to correct the insufficient service.

## **CONCLUSION**

For the reasons stated above, Wenger NA requests that this Court grant its Motion to Dismiss Plaintiffs' Corrected Amended Complaint.

Dated: May 11, 2015

                                        /s/ James W. Grable, Jr.
                                        James W. Grable, Jr.
                                        **Connors & Vilardo, LLP**
                                        1000 Liberty Building
                                        424 Main Street
                                        Buffalo, New York  14202
                                        Telephone:    (716) 825-5533
                                        Facsimile:     (716) 852-5649
                                        jwg@connors-vilardo.com

                                        Richard H. Brown
                                        David I. Greenbaum
                                        **DAY PITNEY LLP**
                                        7 Times Square
                                        New York, NY  10036
                                        Telephone:  (212) 297-5800
                                        Facsimile:  (212) 626-2195
                                        rbrown@daypitney.com
                                        dgreenbaum@daypitney.com

                                        *Attorneys for Wenger NA, Inc.*