UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRUMMHOLZ INTERNATIONAL, INC. and SWISSDIGITAL USA CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> WENGER S.A., <br><br> Defendant. | Docket No. 1:15-cv-86-WMS-HKS |

**MEMORANDUM OF LAW IN SUPPORT OF KRUMMHOLZ INTERNATIONAL, INC. AND SWISSDIGITAL USA CO., LTD.'S OPPOSITION TO WENGER S.A.'S MOTION TO DISMISS**

**I.      INTRODUCTION**

Plaintiffs Krummholz International, Inc. ("Krummholz") and Swissdigital USA, Co. Ltd. ("Swissdigital") hereby oppose Defendant Wenger S.A.'s ("Wenger") Motion to Dismiss Plaintiff's Corrected Second Amended Complaint.

**II.     PRELIMINARY STATEMENT**

For at least over a year, Wenger has threatened and continues to threaten Plaintiffs' ability to use their trademarks and conduct business free of any allegation by Defendant that such conduct constitutes infringement of trademark and copyright rights allegedly owned by Defendant. Plaintiffs have been directly and explicitly threatened with legal action by longstanding Wenger licensee, Group III International, Ltd. (Group III). *See* Declaration of Zhijian (Hunter) Li, ¶¶ 7-9 (September 17, 2015) ("Li Decl."), Ex. A. In addition to directly threatening Plaintiffs, Wenger filed a cancellation proceeding (ESTTA650379), alleging that Plaintiff's mark, U.S. Reg. No. 4462487, copies and replicates its marks, causes confusion, and

has caused and continues to cause damage to Wenger. *See* Petition for Cancellation for Reg. No. 4,462,487, ¶ 25 (Jan. 15, 2015) ("Cancellation Proceeding"), Ex. B.

In order to obtain relief from the uncertainty regarding the use of their marks, Plaintiffs filed a complaint in the Western District of New York on January 29, 2015 seeking the cancellation/declaration of invalidity of Wenger S.A.'s federal trademark registrations, U.S. Reg. Nos. 4301579, 4109108, 3291272, 3291271, 3291266, 3405840, 3820133, 4024369, 3769824, and 4230244 (the "Wenger marks") and copyright VA-1935912 and declaratory judgment of non-infringement.

Since Plaintiffs filed their complaint with this Court, Defendant has made good on its threat of litigation, including seeking an emergency TRO and preliminary injunction in an *ex parte* proceeding in the District of Nevada (the "Nevada Action").[1] In spite of this very real and long standing controversy between the parties concerning the Wenger marks and Plaintiffs' use of their own marks, Defendant makes the incredible assertion that this Court lacks subject matter jurisdiction because there is not a sufficient controversy between the parties.[2] As demonstrated

---

[1] The Nevada Action was transferred to this Court on July 16, 2015. *See* 1:15-cv-00637-WMS-HKS, Dkt # 53. Wenger's *ex parte* TRO was granted for a day of the June 9-12, 2015 Licensing Expo in Las Vegas, Nevada but then after a hearing the court denied Wenger's motion for any temporary restraining order or injunctive relief.

[2] Defendant's claim that there is substantive materiality with respect to its motion to dismiss is false. In order to obtain "incontestability" status, a trademark registrant must file an affidavit pursuant to 15 U.S.C. § 1065 ("Section 15 affidavit"), in which the registrant must attest, *inter alia*, that "there has been no final decision adverse to registrant's claim of ownership of such mark for such goods or services, or to registrant's right to register the same or to keep the same on the register," and that "*there is no proceeding involving said rights pending in the Patent and Trademark Office or in a court and not finally disposed of.*" 15 U.S.C. § 1065(2); *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.,* 469 U.S. 189, 191, 105 S. Ct. 658, 660, 83 L. Ed. 2d 582 (1985); *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.,* 548 F. Supp. 2d 811, 812 (N.D. Cal. 2008). Despite Defendant's insistence that Reg. No. 3769824 became incontestable in April 2015, Defendant presents no evidence of its compliance with the statutory formalities required to invoke incontestability in federal court. Nor can it. Wenger has not filed—and cannot now file—the necessary Section 15 affidavit because at all times since January 29, 2015 there has

below, Defendant's argument is not supported in fact or law and thus its motion to dismiss should be denied in its entirety.

## III.   ARGUMENT

Wenger's motion to dismiss should be dismissed because: (1) the Court has jurisdiction over the subject matter of this case; and (2) the Court should exercise jurisdiction in this case because it will resolve uncertainty with respect to the rights in the marks at issue.

### A.   Applicable legal standards of Federal Rule of Civil Procedure 12(b)(1)

A case is properly dismissed under Fed. R. Civ. P. 12(b)(1) when a district court does not have statutory or constitutional authority to adjudicate the matter. *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) *aff'd*, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). **When a complaint is challenged pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, a court must accept the factual allegations made in the complaint as true, drawing reasonable inferences in favor of the plaintiff.** *See Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)(emphasis added). In resolving the question of jurisdiction, a district court may look to evidence outside the pleadings. *See Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *Anglo–Iberia Underwriting Mgmt. v. P.T. Jamsostek,* 600 F.3d 171, 175 (2d Cir. 2010); *Chmiel v. Potter*, No. 09-CV-555 RJA, 2010 WL 5904384, at *5 (W.D.N.Y. Dec. 7, 2010*)("Courts evaluating Rule 12(b)(1) motions 'may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits.'"*).

---

been a proceeding challenging Reg. No. 3776824 in this court. Therefore, even if the instant action is dismissed, Wenger cannot assert incontestability as a defense in the Nevada Action.

B.      **This Court has declaratory judgment subject matter jurisdiction**

Article III of the Constitution and the Declaratory Judgment Act impose the jurisdictional requirement of an actual controversy.  *See Nike,* 663 F.3d at 95.  The Act provides that "[i]n a case of actual controversy," a federal court "may declare the rights ... of any interested party seeking such declaration." 28 U.S.C. § 2201(a); *Celltrion Healthcare Co. v. Kennedy Trust for Rheumatology Research*, No. 14 CIV. 2256 PAC, 2014 WL 6765996, at *3 (S.D.N.Y. Dec. 1, 2014).  In *MedImmune*, *Inc*. *v*. *Genentech*, *Inc*., the Supreme Court articulated a test to determine whether an actual controversy exists.  S*ee MedImmune*, *Inc*. *v*. *Genentech*, *Inc*., 549 U.S. 118, 127 (2007). Under this standard, the ***"true test is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment action***.'"  *Id.; Venugopal v. Sharadha Terry Products, Ltd.*, No. 07-CV-00484C, 2009 WL 1468462 (W.D.N.Y. May 22, 2009); *Frederick Goldman, Inc. v. West,* No. 06 Civ. 3413, 2007 WL 1989291, at *3 (S.D.N.Y. July 6, 2007) (***"Recent decisions of the Supreme Court have ... in effect lower[ed] the bar for a plaintiff to bring a declaratory judgment action."***); *AARP v. 200 Kelsey Associates, LLC*, No. 06 CIV. 81 (SCR), 2009 WL 47499, at *6 (S.D.N.Y. Jan. 8, 2009).

The *MedImmune* test has been extended to cases involving trademarks and copyrights. *See Nike,* 663 F.3d at 96; *Vina Casa Tamaya S.A. v. Oakville Hills Cellar, Inc.*, 784 F. Supp. 2d 391, 395 (S.D.N.Y. 2011); *Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*, 890 F. Supp. 2d 398, 405 (S.D.N.Y. 2012).  Further, the Second Circuit has asserted that in the context of trademark cases, "*the finding of an actual controversy should be determined with some liberality.*"  *See Starter Corp. v. Converse Inc.*, 84 F.3d 592, 596 (2d Cir. 1996); *Gelmart*

4

*Indus., Inc. v. Eveready Battery Co.*, No. 13 CIV. 6310 PKC, 2014 WL 1512036, at *4 (S.D.N.Y. Apr. 15, 2014).

Contrary to Defendant's assertion, Trademark Trial and Appeal Board ("TTAB") proceedings are important and relevant to determination of whether there is an "actual controversy." *Surefoot LC v. Sure Foot Corp*, 531 F.3d 1236, 1246 (10th Cir. 2008)("[w]ere we to hold TTAB opposition filings as a class irrelevant to Article III analysis, we would disregard the Supreme Court's direction that, in assessing whether a live controversy exists between the parties, we must ... take into account 'all the circumstances' before us."); *Gelmart Indus., Inc.*, 2014 WL 1512036, at *4; *Floyd's 99 Holdings, LLC v. Woodrum*, No. 08-CV-01321-MSK-BNB, 2009 WL 798804, at *5 (D. Colo. Mar. 24, 2009); *Blue Athletic, Inc. v. Nordstrom, Inc.*, No. 10-CV-036-SM, 2010 WL 2836303, at *1 (D.N.H. July 19, 2010)(standard satisfied by two demand letters and formal TTAB opposition); *Performance Nutrition, LLC v. Bayer Healthcare, LLC*, No. CIV.A. 07-CV1982JLK, 2008 WL 4079978 (D. Colo. Sept. 3, 2008)(finding TTAB opposition and settlement negotiation sufficient to create actual controversy).

In *Gelmart Industries v. Eveready Battery*, the court dismissed the defendant's motion to dismiss for lack of subject matter jurisdiction where the defendant sent a letter requesting that the plaintiff abandon its trademark application, cease using and refrain from future use or registration of its marks, and filed a notice of opposition with the United States Patent and Trademark Office, asserting that the marks at issue were "confusingly similar," that products "are similar and/or related," and that plaintiff's use of its mark "would be a source of damage." *Id.* at *4. Even though the defendant did not explicitly use the words "infringement" or "dilution" in either the letter or the USPTO filing, the court held that the *MedImmune* test was satisfied. *Id.*

Here, there is no question that under all the circumstances there is a substantial controversy between the parties warrant declaratory judgment jurisdiction. Defendant has brought into question Plaintiffs' rights in their marks in various forums, including a direct threat of bringing legal action and a TTAB cancellation proceeding where Defendant alleges that Plaintiffs are violating their rights. *See* Li Decl., ¶¶ 7-9; Cancellation Proceeding, ¶¶ 13, 14-15, 24-25. Defendant dismisses the cancellation proceeding as not relevant to determining whether an actual controversy exists, but this is not consistent with the *MedImmune* standard. The totality of the circumstances test set forth in *MedImmune* considers all of these factors as a whole. At the TGA tradeshow in Phoenix, Arizona in March, 2014, John Pulichino, the CEO of Wenger's U.S. licensee, Group III, told Hunter Li, President and owner of Krummholz and Swissdigital, that Plaintiff's marks violate Wenger's marks and that a lawsuit will be brought to enforce Wenger's marks if Plaintiffs make an appearance at a show ever again or display products bearing its marks.[3] *See* Li Decl., ¶ 7-8. Contrary to Defendant's argument, the threat made by Mr. Pulichino is attributable to Defendant, as Group III is an agent and exclusive licensee of Wenger S.A. *Geltech Solutions, Inc. v. Marteal, Ltd.,* No. 09-CV-81027, 2010 WL 1791423, at *6 (S.D. Fla. May 5, 2010)(explaining that it was reasonable to assume agents were making threats on behalf of the defendant); *Telebrands Corp. v. Nat'l Exp., Inc.*, No. CIV.A. 12-6671 FSH, 2013 WL 1598043, at *1 (D.N.J. Apr. 11, 2013)(finding a threat made by exclusive licensee sufficient to satisfy *MedImmune* standard). *Cf. Neuralstem, Inc. v. StemCells, Inc.*, 573 F. Supp. 2d 888, 894 (D. Md. 2008)(threatening press release issued by exclusive licensee

---

[3] In his declaration in support of Wenger's *Ex Parte* TRO and preliminary injunction in the Nevada Action, Mr. Pulichino acknowledges the he was at the TGA show and alleges that Mr. Li's companies' marks violate the Wenger marks. *See* Declaration of John Pulichino, ¶ 25 (June 7, 2015).

supported finding an actual controversy between patent owner and declaratory judgment plaintiff).

Moreover, like the opposition at issue in *Gelmart*, Defendant's cancellation proceeding is also evidence of a substantial controversy between the parties. Indeed, Defendant asserts that "***Petitioner has been and will continue to be damaged by the…registration of the [Swissdigital] Design Mark which uses, copies, and replicates the trademark protected Wenger Emblem, thereby causing a likelihood of confusion between Wenger Emblem and the [Swissdigital] Design Mark***." *See* Cancellation Proceeding, ¶ 25. Accordingly, Wenger's threats and actions far exceed the requisite jurisdictional requirements and Wenger's motion to dismiss should be denied.[4]

### C. The Court should exercise its discretion and allow the case to continue

Where declaratory judgment jurisdiction exists, a district court has broad discretion over whether to exercise it. *Muller v. Olin Mathieson Chemical Corp.*, 404 F.2d 501, 505 (2d Cir.1968); *Rolex Watch U.S.A., Inc. v. PRL USA Holdings, Inc.*, No. 12 CIV. 6006, 2015 WL 1909837, at *3 (S.D.N.Y. Apr. 27, 2015). Nevertheless, a district court is required to entertain a declaratory judgment action where it will serve a useful purpose in clarifying the legal relations in issue, or where it will resolve the uncertainty that gave rise to the proceeding. *Starter Corp. v. Converse, Inc.,* 84 F.3d 592, 597 (2d Cir.1996). In a trademark case, the party seeking declaratory judgment must show that it has "a definite intent and apparent ability to commence the use of the [allegedly infringing] marks." *Bruce Winston Gem Corp. v. Harry Winston, Inc .,* No. 09–CV–7352, 2010 WL 3629592 at *4 (S.D.N.Y. Sept. 16, 2010).

---

[4] Wenger's initiation of the Nevada Action, even though occurring after Plaintiffs' lawsuit was filed, leaves no doubt about the credibility of Wenger's threats and the existence of a controversy between the parties.

Here, the Court should exercise jurisdiction over the case because determining the rights to the marks at issue will resolve the current legal uncertainty experienced by Plaintiffs. Plaintiffs have the capacity to market and sell products bearing the marks at issue in this case immediately. *See* Li Decl., ¶ 12. The sole reason Plaintiffs are not currently conducting business is because of the legal uncertainty and threats made by Wenger. *Id*. Therefore, Plaintiffs respectfully request that the Court exercise its jurisdiction in this case.

## IV. CONCLUSION

For the reasons discussed herein, Plaintiffs respectfully request that the Court deny Defendant's motion to dismiss.

Dated: September 18, 2015

Respectfully submitted,

By: /s/ Dariush Keyhani
Dariush Keyhani
Jennifer Meredith
Meredith & Keyhani, PLLC
205 Main Street
East Aurora, New York 14052
dkeyhani@meredithkeyhani.com
Telephone: (716) 898-8938
Facsimile: (716) 299-2499
***ATTORNEYS FOR PLAINTIFFS***