**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KRUMMHOLZ INTERNATIONAL INC. and SWISSDIGITAL USA CO., LTD., <br><br> Plaintiffs, <br><br> -vs- <br><br> WENGER S.A., <br><br> Defendant. | Hon. William M. Skretny, U.S.D.J. <br><br> Docket No.: 1:15-CV-86-WMS <br><br> **REPLY BRIEF IN SUPPORT OF WENGER S.A.'S MOTION TO DISMISS THE CORRECTED SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV P. 12(b)(1)** |

## INTRODUCTION

Defendant Wenger S.A. (hereinafter "Wenger") submits this Reply Brief in support of its Motion to Dismiss Plaintiffs' Corrected Second Amended Complaint ("Am. Compl.") for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). In its moving papers, Wenger demonstrated that at the time the original Complaint was filed on January 29, 2015, there was not a sufficiently concrete case or controversy between the parties to support the claims for declaratory judgment relief regarding Wenger's trademark and copyright rights.

In their Opposition to the Motion to Dismiss ("Opp'n Br."), Plaintiffs make several unavailing arguments. First, they attempt to confuse the issue by describing post-filing conduct, which clearly cannot support declaratory judgment jurisdiction. The Court should disregard any argument based on events that took place after January 29, 2015. Second, they incorrectly rely on statements in Wenger's January 15, 2015 Petition for Cancellation ("Cancellation Petition"), even though the Petition does not accuse Krummholz of infringement, and is not even directed at Swissdigital USA. As courts have held, a petition to cancel a trademark registration is not

1

sufficient, in itself, to establish declaratory judgment jurisdiction, and there is no reason to deviate from that holding here. Third, through the declaration of Zhijian (Hunter) Li, they attempt to change and embellish a single alleged "threat to sue" made by someone other than Wenger nearly a year before the Complaint was filed. Even if the Court were to credit the embellishment in Mr. Li's declaration instead of the allegation in the Complaint, that alleged statement is too attenuated (both in time and connection to Wenger) to serve as a basis for declaratory judgment jurisdiction. Because a sufficiently concrete case and controversy between Wenger and Plaintiffs concerning trademark or copyright infringement did not exist as of January 29, 2015, the Court should dismiss the Complaint.[1]

## ARGUMENT

I. **The January 29, 2015 Complaint Does Not Demonstrate the Existence of a Sufficiently Concrete Case and Controversy for the Exercise of Declaratory Judgment Jurisdiction.**

Courts in this circuit apply a totality-of-the-circumstances test to determine the existence of a justiciable controversy in intellectual property cases and whether the adversity of legal interests that exists between the parties is real and substantial. *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)), *aff'd,* 133 S. Ct. 24 (U.S. 2013). A plaintiff seeking a declaratory judgment has the burden to show the existence of an actual case or controversy based on the situation existing at the time of the initial complaint, not based on later developments. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993); *Schutte Bagclosures Inc. v. Kwik Lok Corp.*, 48 F. Supp. 3d 675, 691 (S.D.N.Y. 2014). In the context of trademark or copyright infringement, a

---

[1] Plaintiffs also suggest that irrespective of the outcome of this motion their ability to challenge Wenger's SWISSGEAR registration will not change, and thus this motion is immaterial. That suggestion is wrong. *See infra* at § III.

justiciable controversy is generally found for purposes of declaratory judgment relief when a rights holder has communicated a threat of infringement. *See Broadview Chem. Corp. v. Loctite Corp.*, 417 F.2d 998, 1000 (2d Cir. 1969).

The allegations in the original Complaint, and the circumstances of its filing, demonstrate that no justiciable controversy existed between the parties at the time this action for declaratory relief was filed which would vest jurisdiction in this Court. The original Complaint (and the later amendments) do not allege that Wenger ever communicated an intention to sue Plaintiffs for trademark or copyright infringement at any time prior to the filing of their Complaint. The only possibly relevant allegations are: (a) Wenger filed a petition to cancel a trademark registration obtained by one of the Plaintiffs; (b) a vague statement attributed to John Pulichino, a representative of Group III International, Inc. (a licensee of certain Wenger intellectual property rights), in which *Mr. Pulichino* threatened to sue Plaintiffs for unspecified conduct; and (c) proceedings in trademark offices of other countries. (Am. Compl. ¶¶ 19-23). In its moving papers, Wenger demonstrated that the Cancellation Proceeding and Mr. Pulichino's alleged statement were insufficient to establish declaratory judgment jurisdiction. (*Id*. at ¶¶ 8-12). Wenger asserted --- without any contradiction from Plaintiffs --- that the impetus for filing the Complaint was not any threat of litigation, but the filing of the Cancellation Proceeding two weeks earlier. (*Id*. at ¶ 11). Thus, Wenger showed that there was no declaratory judgment jurisdiction for claims 2-5, and that without a separately justiciable controversy, a claim for cancellation of a trademark registration (claim 1) cannot be heard by a federal district court.

## II. The Court Should Reject Plaintiffs' Opposition Arguments.

In their opposition to Wenger's motion, Plaintiffs argue that "for at least over a year," Wenger has threatened Plaintiffs' ability to use their trademarks and conduct business free of any allegation by Defendant that such conduct constitutes infringement. (Opp'n Br. at 1). There is

no factual support for the notion that Wenger had ever charged that Plaintiffs infringed before January 29, 2015, and the Court should rely on factual allegations, not unsupported attorney argument.

Plaintiffs also note that in June 2015, Wenger sued Plaintiffs and related persons in the District of Nevada. (*Id*. at 2). This line of argumentation should also be ignored. The post-January 29, 2015 actions taken by Wenger are irrelevant. "It has long been the case that the jurisdiction of the court depends upon the state of things at the time the action was brought." *Bausch & Lomb Inc. v. CIBA Corp.*, 39 F. Supp. 2d 271, 273 (W.D.N.Y. 1999) (test for the actual controversy requirement "is to be applied to the facts as they existed at the time the complaint was filed"); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004). The situation <u>at the time of filing</u> of the Complaint, not subsequent events, is the basis for determining whether declaratory jurisdiction exists. *See Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1382 (Fed. Cir. 2010) (declaratory judgment defendant's later filing of an infringement suit, while creating an actual controversy as of that later date, did not establish that an actual controversy existed at that earlier time when plaintiff filed its declaratory judgment action).

Next, Plaintiffs mischaracterize the nature of the Cancellation Proceeding. They wrongly accuse Wenger of saying that such proceedings are irrelevant (Opp'n Br. at 6), when, in fact, Wenger stated that "a cancellation proceeding, <u>by itself, is insufficient</u> to create a controversy for declaratory judgment relief because [it] is not an assertion of infringement." (See Def.'s Mov. Br. at 8 (emphasis added)). Wenger supplied legal authority for that proposition (*id*. at 8-9), which Plaintiffs do not even address.

Plaintiffs cite portions of the Cancellation Proceeding for the proposition that it reflects a dispute between Wenger and Plaintiffs in their rights "in their marks." (Opp'n Br. at 6). The critical point, which Plaintiffs overlook, is that the Cancellation Proceeding seeks only to have the United States Patent Trademark Office adjudicate whether the registration of Respondent Swissgear North America Co., Ltd. (since renamed as Krummholz International, Inc.) should be permitted to co-exist with Wenger's earlier obtained registrations on the trademark register. The Cancellation Proceeding does not accuse Krummholz of infringement, and does not seek to have the PTO make any such finding. As such, that proceeding does not reflect the existence of a case or controversy about whether either Plaintiffs Krummholz or Swissdigital were infringing Wenger's rights. It simply shows that Wenger is objecting to the Krummholz registration continuing to be on the register. *See Topp-Cola Co. v. Coca-Cola Co.*, 314 F.2d 124, 126 (2d Cir. 1963) (filing of an opposition in a trademark proceeding is not by itself a charge of infringement even if a basis of the opposition is that the marks are confusingly similar (citing *Merrick v. Sharp & Dohme, Inc.*, 185 F.2d 713 (7th Cir. 1950))). Because there is no allegation of infringement in the Cancellation Proceeding, it is not a sufficient basis for the exercise of declaratory judgment jurisdiction. The cases cited by Plaintiff, all of which involved a PTO proceeding and separate allegations of infringement, are inapposite.[2]

Third, Plaintiffs rely on the allegation in the Complaint that John Pulichino, who was and is a representative of Group III, threatened to sue Plaintiffs during the Travel Goods Show in

---

[2] *See Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1247, 1275 (10th Cir. 2008) (involving five separate PTO oppositions <u>and</u> extensive past interactions between the parties suggesting historical and existing infringement, and where the Court specifically stated that "[i]t is only this combination that we pass upon today and which we hold suffices to demonstrate the existence of Article III jurisdiction"); *see also Blue Athletic, Inc. v. Nordstrom, Inc.*, No. 10-cv-036, 2010 U.S. Dist. LEXIS 72615 (D.N.H. July 19, 2010) and *Gelmart Indus., Inc. v. Eveready Battery Co.*, No. 13 Civ. 6310, 2014 U.S. Dist. LEXIS 54173 (S.D.N.Y. Apr. 14, 2014), both of which involved demand letters charging infringement in addition to pending PTO proceedings.

March 2014. (Opp'n Br. at 6). In its moving papers, Wenger pointed out that the alleged threat was made nearly a year before the filing of the Complaint, did not indicate that the "threat to sue" was based on infringement of Wenger's trademark or copyright rights, and was not made by a representative of Wenger, but by Group III, which is not the owner of the intellectual property rights at issue. In response, Plaintiffs offer the Hunter Li Declaration, which supplements and varies the allegation in the Complaint. Mr. Li now claims that Mr. Pulichino said at the time that the displayed goods "violate Wenger's marks" and that a lawsuit would be brought to enforce those rights. (Li Decl. ¶ 8).

Even were the Court to credit each of these statements in Mr. Li's self-serving declaration, nothing in that document alters the fact that this alleged threat by Mr. Pulichino came nearly a year before the Complaint was filed, with no evidence of any "threat" between March 2014 and January 2015. That alone demonstrates that there was no definite and concrete controversy between Wenger and the Plaintiffs meeting the "sufficient immediacy" requirement under the *MedImmune* test. *See MedImmune*, 549 U.S. at 127; *see also Cepheid v. Roche Molecular Sys., Inc.*, No. C-12-4411, 2013 U.S. Dist. LEXIS 7446, at *38 (N.D. Cal. Jan. 17, 2013) (noting that "the passage of time without any indication from Defendants or other circumstances implying that Defendants intend to enforce [their rights] against Plaintiff weighs against finding a justiciable controversy").

Such a conclusion is reinforced by the fact that the alleged statement was not made by Wenger, but by a representative of a licensee of Wenger. With no direct contact between the parties concerning alleged infringement, Plaintiffs cannot establish the burden that an actual controversy existed between the parties at the time of filing. *See Bausch & Lomb*, 39 F. Supp. 2d at 274 (holding that a statement by an individual without "actual or apparent authority to make

6

such statements on [Wenger's] behalf" is "nothing more than recitation of a hearsay comment." (quoting *W. Interactive Corp. v. First Data Res., Inc.*, 972 F.2d 1295, 1296 (Fed. Cir. 1992))). Plaintiffs have not provided any concrete facts or indication of direct contact between Wenger— or someone with authority to act on Wenger's behalf—and Plaintiffs.

The Court should also reject Plaintiffs' effort to impute Mr. Pulichino's alleged statement to Wenger. As a threshold matter, the Complaint's allegation that Mr. Pulichino (or Group III) threatened to sue Plaintiffs is bereft of any suggestion that Wenger authorized such a vague statement, so Mr. Li's after-the-fact embellishments should be rejected. The argument also founders due to Mr. Li's incorrect speculation that Group III is the exclusive licensee of Wenger. In fact, Group III is not the exclusive licensee in the United States. (*See* Jean-Daniel Bussard Decl. ¶ 5 (explaining that Group III is one of two licensees in the United States)).[3]

Nor is there any credible showing that Mr. Pulichino had any authority to speak on behalf of Wenger regarding its intellectual property rights or whether Wenger would be enforcing such rights. As a non-exclusive licensee, Group III has no right to sue to enforce Wenger's trademarks. *See Geltech Sols., Inc. v. Marteal, Ltd.*, No. 09-CV-81027, 2010 U.S. Dist. LEXIS 44118, at *10-11 (S.D. Fla. May 5, 2010) (citing *O.O.C. Apparel, Inc. v. Ross Stores, Inc.*, No. 04-6409, 2007 WL 869551, at *4 (D.N.J. 2007) (licensee had no standing to sue for infringement where licensor retained power to approve infringement lawsuits)). The cases cited by Plaintiffs in putative support of their position are easily distinguishable from this one.[4] The foregoing

---

[3] Wenger filed the Bussard Declaration on June 10, 2015 in the Nevada case, which has since been transferred to this Court and is now docketed as 1:15-cv-00637-WMS-HKS. For the Court's convenience, a copy of Mr. Bussard's Declaration is attached to Declaration of Ryan Osterweil, Ex. A.

[4] Plaintiffs cite *Geltech*, 2010 U.S. Dist. LEXIS 44118, at *2, which involved statements made by owners of the defendant that also were the assignees of the trademark. In *Telebrands Corp. v. Nat'l Express, Inc.*, No. 12-6671, 2013 U.S. Dist. LEXIS 52962 (D.N.J. Apr. 11, 2013), the

demonstrates that any effort to suggest that Mr. Pulichino's alleged threat was tantamount to a charge of infringement from Wenger is based on a false premise and should be disregarded.

**III.     Plaintiffs Are Wrong In Claiming That Dismissal Of This Matter Would Be Immaterial.**

Wenger's Motion to Dismiss is material because if the case is dismissed, the Defendants in the companion case (originally filed in Nevada) would be barred from making certain arguments against Wenger's trademark registration that became incontestable in April 2015. Specifically, Plaintiffs could not bring certain claims against at least one of Wenger's SWISSGEAR trademark registrations, which passed the five year mark since registration on April 6, 2015.  (*See* Am. Compl. ¶ 27).

Under the Lanham Act, a third-party may seek cancellation of a trademark registration on any applicable grounds for which that person believes he or she will be damaged "[w]ithin five years from the date of the registration of the mark . . . ." 15 U.S.C. § 1064(1). After the five year date, cancellation of a trademark registration can only be sought based on certain specified grounds, *inter alia*, if the mark has become generic, was abandoned or obtained fraudulently, or comprises immoral, deceptive, or scandalous matter.  15 U.S.C. § 1064(3); *see Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.,* 469 U.S. 189, 202-03 (1985) (noting that under 15 U.S.C. § 1064, a mark may be canceled at any time (i.e., after 5 years) <u>only</u> for specific grounds, and those grounds are specified in § 1064(3)). While Section 14 of the Lanham Act is directed to petitions filed with the PTO, courts have held that the provisions provided therein extend identically to proceedings for cancellation of a trademark registration in federal court. *See Shakespeare Co. v.*

---

exclusive patent licensee that announced its intention to sue the infringer, apparently had the right to sue for infringement, and in fact did file suit. As discussed above, Group III is not the only licensee of Wenger trademark and copyright rights, and there is no showing that Group III or Mr. Pulichino has the right to enforce the Wenger trademark and copyright rights.

*Silstar Corp. of Am.*, 9 F.3d 1091, 1098 (4th Cir. 1993) ("Our conclusion [is] that the power of cancellation given to the district court by § 1119 is limited by § 1064. . ..").

Here, Plaintiffs seek cancellation of Wenger's various SWISSGEAR registrations on the grounds that they are geographically descriptive, i.e., represent gear from Switzerland. (Am. Compl. ¶ 27). However, as noted, geographic descriptiveness is not one of the grounds under which a third-party can seek cancellation of a registration outside of the five-year period from registration. 15 U.S.C. § 1064(3). Since at least one of Wenger's SWISSGEAR registrations reached that five-year mark since registration on April 6, 2015, Plaintiffs' claim would be barred as a matter of law against this registration if properly brought once a concrete controversy existed between the parties, i.e., when Defendant filed its infringement action in Nevada on June 10, 2015.

In their Opposition, Plaintiffs assert that "[i]n order to obtain 'incontestability' status, a trademark registrant must file an affidavit pursuant to 15 U.S.C. § 1065 ('Section 15 Affidavit')…." (Opp'n Br. at 2). However, this contention ignores that under Section 1064, the grounds under which Plaintiffs may seek cancellation are limited by time (i.e., 5 years) without regard to whether a Section 15 Affidavit is filed. While such an affidavit may provide other benefits to the registrant with regard to use of the mark (*see* 15 U.S.C. § 1065), an affidavit is not dispositive for application of Section 1064 for one seeking cancellation of a registration. *W. Worldwide Enters. Grp., Inc. v. Qinqdao Brewery*, No. 17,965, 1990 TTAB LEXIS 42, at *8 (T.T.A.B. July 30, 1990) ("there exists no dispute that a registration that is over five years old may be cancelled solely on the grounds set forth in Section 14(c), irrespective of whether or not the owner of the registration has filed an affidavit under Section 15." (citing *Imperial Tobacco Ltd. v. Philip Morris, Inc.*, 899 F.2d 1575, 1578-79 (Fed. Cir. 1990))). As a result, dismissal of

9

this action would be material, as Plaintiffs would be barred from making certain challenges that are the basis for their effort the cancel Wenger's registration for SWISSGEAR.

## **CONCLUSION**

This Court lacks subject matter jurisdiction over Plaintiffs' request for declaratory relief for non-infringement, invalidity, and unenforceability of Wenger's trademark and copyrights rights (claims 2-5), as there was no concrete controversy between the parties on those issues at the time the Complaint was filed. As discussed above, without those claims in the case, there is no jurisdiction over claim 1, for cancellation of the Wenger registrations. Thus, the Court should grant its Motion to Dismiss Plaintiffs' Corrected Second Amended Complaint in its entirety.

DATED:   Buffalo, New York
         October 9, 2015

    s/James W. Grable, Jr.
James W. Grable, Jr.
**CONNORS & VILARDO, LLP**
1000 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 852-5533
jwg@connors-vilardo.com

-and-

Richard H. Brown
David I. Greenbaum
**DAY PITNEY LLP**
7 Times Square
New York, NY  10036
(212) 297-5800
rbrown@daypitney.com
dgreenbaum@daypitney.com

*Attorneys for Plaintiff Wenger S.A.*